# EXHIBIT C-1

# STATE COURT DOCUMENTS

# PLAINTIFF'S ORIGINAL PETITION

FILED
TARRANT COUNTY
10/18/2016 9:46:58 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 348-288230-16

| | | |
|---|---|---|
| Norman Gilcrease | § | In the _____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| Globe Life and Accident Insurance Company | § | Tarrant County, Texas |

**PLAINTIFF'S ORIGINAL PETITION**
(with Disclosure Request)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Norman Gilcrease** (DL...567/SS...885), hereinafter called Plaintiff, complaining of and about **Globe Life and Accident Insurance Company**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

1. **SERVICE**

Defendant **Globe Life and Accident Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2. **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00.

3. **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause in that it is where the beneficiary resides.

4. **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5. **WRITTEN NOTICE GIVEN**.

A.  Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B.  Notice letter was issued August 11, 2016, and this lawsuit is being filed after the expiration of 60 days

6. **FACTS**

A. Plaintiff had a policy of insurance with Defendant, policy number 14G844597.

B. The policy provides benefits in the event an insured is blinded in one eye.

C. The benefit for blindness in one eye is one-half the fact amount of $343,750.00 or $171,875.00.

D. On May 15, 2015, Plaintiff fell out of his truck, and soon thereafter began noticing vision problems.

E. In July of 2015, Plaintiff went to see an eye specialist who told him his retina was extremely swollen.

F. Plaintiff next went to see a retina specialist who prescribed eye drops but still did not have any improvement in his eye.

G. The problems Plaintiff experienced eventually resulted in his failing his next eye exam for his driver's license on May 28, 2016.

H. Plaintiff made a claim for benefits on June 7, 2016.

I. By June 14, 2016, Plaintiff had not yet received a claim packet and Defendant was called and Plaintiff was told the documents had been mailed and should be received in a few days.

J. On June 22, 2016, Plaintiff called again and spoke with Judy, an employee of Defendant's. Judy said she would email the documents that day.

K. On June 24, 2016, Judy was called back and Judy said she had requested the documents be sent and would send them herself.

L. An email was received on June 24, 2016, but none of the documents that were supposed to be attached were attached to the email.

M. The email was received again, but with no attachment.

N. Plaintiff called back again and asked to speak with Judy's supervisor, Julie and left a message that was not returned.

O. On June 27, 2016, Plaintiff called again and spoke with Judy who finally sent the email with the attached documents.

P. On June 28, 2016, Plaintiff had the documents filled out and mailed them to the address he was told to send them to which was PO Box 2446, McKinney, TX 75076.

Q. Defendant was called on July 8, 2016, as a follow up and Defendant told Plaintiff the documents had been received and scanned into the system on July 7, 2016.

R. Defendant was called on July 22, 2016, for a status of the claim and Plaintiff was told the claim was being reviewed and to call back next week for an update.

S. Defendant was called on July 27, 2016, and Defendant told Plaintiff the file was still being reviewed and to call next week.

T.    Defendant was called on August 1, 2, and 3, 2016, seeking updates on the claim and each time was told it was being reviewed and each time Defendant left messages for Julie to call but she did not.

U.    On August 5, 2016, Plaintiff called seeking to speak with Julie but she was not available.

V.    On August 5, 2016, Defendant told Plaintiff the claim was lost in Defendant's system and would Plaintiff please resend it.

W.    Defendant was called again on August 8, 2016, and Plaintiff was told the file was in the wrong department and could not be retrieved.

X.    Plaintiff tried to speak with Julie and was on hold for 45 minutes.

Y.    As of the date of this letter, Plaintiff's claim for benefits has still not been paid.

### 7. VIOLATIONS OF THE TEXAS INSURANCE CODE

A.    Plaintiff incorporates herein all the facts as set forth above.

B.    It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

    1.    TIC § 541.060(2)(A):    Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendant's part would show that Plaintiff experienced an accident in May of 2015 that resulted in his being blind.

    2.    TIC § 541.060(4): Defendant has violated this section by failing to within a reasonable time to affirm or deny coverage of a claim to a policyholder.

### 8. BREACH OF CONTRACT

A.    Plaintiff incorporates herein all the facts as set forth above.

B.    It appears that Defendants intentionally or in a negligent manner handled Plaintiff's claim. Defendant's conduct in this matter appears to be in Breach of Contract, as follows:

    1.    There is a valid, enforceable contract of insurance between Defendant and Plaintiff.

    2.    Plaintiff is a proper party to bring this lawsuit against Defendant.

    3.    Plaintiff has performed under the contract by paying premiums and cooperating with Defendant's investigation and supplying Defendant with necessary information.

    4.    Defendant has breached the contract Defendant has with Plaintiff by not paying him benefits.

    5.    Defendant's breach of the contract has caused injury to Plaintiff.



9. **PROMPT PAYMENT OF CLAIMS ACT**

A. Plaintiff incorporates herein all the facts as set forth above.

B. Defendant had all the information needed to pay Plaintiff's claim on or before July 20, 2016. As a result, this claim should have been accepted and paid by July 20, 2016.

C. It appears that Defendant's intentionally or in a negligent manner handled Plaintiff's claim. Defendant's conduct in this matter appears to be in violation of Prompt Payment, as follows:

   1. TIC, § 542.055(a)(1):   Defendant has violated this section by, not later than the 15th day after, Defendant received notice of Plaintiff's claim, acknowledged receipt of the claim.

   2. TIC, § 542.055(a)(2):   Defendant has violated this section by, not later than the 15th day after, Defendant received notice of Plaintiff's claim, commenced investigation of the claim.

   3. TIC, § 542.055(a)(3):   Defendant has violated this section by, not later than the 15th day after Defendant received notice of Plaintiff's claim requested from Plaintiff all items, statements, and forms that Defendant reasonably believed Defendant needed, at that time, that would be required from Plaintiff, i.e., Defendant only told him to file a police report.

   4. TIC, § 542.056(a): Defendant has violated this section in that Defendant did not notify John in writing of the acceptance or rejection of his claim not later than the 15th business day after the date Defendant received all items, statements, and forms required by Defendant to secure final proof of loss.

D. Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

10. **DAMAGES.**

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   1. $171,875.00 - policy benefits

   2. $343,750.00 - exemplary damages due to the knowing and intentional conduct on Defendant's part.

   3. $5,000.00 - mental anguish damages resulting from Defendant's conduct.

   4. reasonable and necessary attorney fees resulting from Defendant's conduct.

   5. $????.?? - penalty @ 18% from July 20, 2016, on actual damages of $171,875.00, until paid.

11. **DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:**

A. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendant Globe Life and Accident Insurance Company** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B.  The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

### 12. USE OF DOCUMENTS:

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### 13. ATTORNEY'S FEES.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

### 14. PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 15. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 16. COSTS OF SUIT.

A.  In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B.  Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### 17. REQUEST FOR JURY TRIAL.

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

18. **PRAYER.**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on October 17, 2016.

Respectfully submitted,

/s/ Mark S. Humphreys
Mark S. Humphreys  - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722    *    Fax. (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney For Plaintiff**

A CERTIFIED COPY
ATTEST: December 27, 2016
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Julie a Martinez
DEPUTY
JULIE MARTINEZ